Babak Hashemi, Esq. (State Bar No. 263494)
**LAW OFFICES OF BABAK HASHEMI, ESQ**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 464-8529
BabakHashemiLaw@gmail.com

Attorney for Plaintiff: JAMES SHAYLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER, an individual,<br>Plaintiff,<br><br>v.<br><br>WESTERN DENTAL SERVICES, INC., a California corporation; MIKE KRASOWSKI and FERESHTEH KRASOWSKI; individually and as trustees of THE M & F KRASOWSKI 2007 FAMILY TRUST AS AMENDED AND RESTATED APRIL 2017; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325).**<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*** |

Plaintiff, JAMES SHAYLER ("Plaintiff"), complains of Defendants WESTERN DENTAL SERVICES, INC., a California corporation; MIKE KRAWSOWSKI and FERESHTEH KRASOWSKI, individually and as trustees of THE M & F KRASOWSKI 2007 FAMILY TRUST AS AMENDED AND RESTATED APRIL 2017; and Does 1-10 ("Defendants") and alleges as follows:

## PARTIES

1.    Plaintiff's musculoskeletal, neurological and cardiovascular systems are

impaired.  As a result of these impairments Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, and ambulating.  As a result of his impairments, Plaintiff often relies upon mobility devices to ambulate.  As a result of his impairments, he is subject to falls, unsteady on his feet, cannot walk for any significant distance without having to periodically rest, and often relies upon mobility devices to ambulate including a cane, walker, or wheelchair.  With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

2.     Plaintiff is informed and believes and thereon alleges that Defendant MIKE KRASOWSKI and FERESHTEH KRASOWSKI, individually and as trustees of THE M & F KRASOWSKI 2007 FAMILY TRUST AS AMENDED AND RESTATED APRIL 2017, owned the real property located at 1150 E. Anaheim St. Long Beach, CA 90813 ("Subject Property") where Western Dental Care is located, on or around January 7, 2021, and continues to do so currently.

3.     Plaintiff is informed and believes and thereon alleges that Defendant WESTERN DENTAL SERVICES, INC., owned, operated, and controlled Western Dental ("Business") located at the Subject Property on January 7, 2021, and continues to do so currently.

4.     The Business is a dentistry service provider open to the public, which is a "place of public accommodation" as that term is defined by 42 U.S.C. § 12181(7).

5.     Plaintiff does not know the true name of DOE Defendants, that may be related to the Business and/or Property.  Plaintiff is informed and believes that each of the

Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

7. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 *et seq*., (**"UCRA"**) claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

9. On or about January 7, 2021 Plaintiff visited the Business located on the Subject Property for the dual purpose of inquiring about the cost of tooth replacement and dental care services offered to the public and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.[1]

10. The Business, including the Property, is a facility open to the public, a place of public accommodation, and a business establishment.

11. Parking spaces and access routes are some of the facilities, privileges and advantages reserved by Defendants to persons patronizing the Business and Property.

---

[1] Plaintiff is also a tester in this litigation and a consumer who wishes to access Defendants' goods and services.

12.    Unfortunately, although parking and access routes were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the identified facilities to fail as to compliance with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on or around January 7, 2021, or at any time thereafter up to and including, the date of the filing of this complaint.

13.    The Subject Property and Business lack architectural barrier free facilities for patrons with disabilities, causing Plaintiff to encounter the following barriers at the Business and Subject Property: (1) the curb ramp serving the accessible parking spaces project into the access aisle in violation of Section 406.5[2], here, the access aisle at the accessible parking spaces are ramped up to connect the walkway to the street level creating slopes and cross slopes exceeding 2% and an excessive cross slope in the accessible parking space as well; (2) the access aisle serving the disabled parking stall at the main entrance of the Business has excessive slopes[3]; (3) the curb ramp is in excess of the maximum grade allowed by ADAAG specifications in violation of Section 406.1; (4) the surface of the access aisle next to the accessible parking space(s) is uneven, severely cracked and/or pitted with holes, making it unsafe to use portions of the access rout/aisle in violation of section 502.4[4]; (5) the property lacks accessible routes connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2[5]; and (6) accessible parking spaces were not located on the shortest accessible route to the entrance as required by Section 208.3.1[6].

---

[2] This Section requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles; and parking spaces and access aisles serving them shall comply with 302, where access aisles shall be at the same level as the parking spaces they serve and changes in level are not permitted.

[3] Section 502.4 prohibit a slope over 2%.

[4] 502.4 requires a maximum slope of 2%; "Parking spaces and access aisles serving them shall comply with 302.  Access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted."

[5] This Section requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site, and 206.1 requiring access to the site arrival point (main entrance) from the public street.

[6] Parking spaces complying with 502 that serve a particular building or facility shall be located on the shortest accessible route from parking to an entrance complying with 206.4. Where parking serves more than one accessible entrance, parking spaces complying with 502 shall be dispersed and located on the shortest accessible route to the accessible entrances.

4

14.    Because Defendants MIKE KRASOWSKI and FERESHTEH KRASOWSKI, individually and as trustees of THE M & F KRASOWSKI 2007 FAMILY TRUST AS AMENDED AND RESTATED APRIL 2017, own the Subject Property, which is a place of public accommodation, they are responsible for the violations of the ADA that exist in the parking area and accessible routes that connect to the facility's entrance that serve customers to the Business.

15.    Plaintiff is informed and believes and thereon alleges that, currently, there are no compliant, accessible facilities designed, reserved and available to persons with disabilities at the Business in addition to that alleged, *supra*.

16.    Plaintiff is informed and believes and thereon alleges that Defendant(s) had no policy or plan in place to ensure that compliant accessible parking and other compliant facilities, as alleged above, were available and maintained for persons with disabilities prior to January 7, 2021.

17.    Plaintiff is informed and believes and thereon alleges Defendant(s) have no policy or plan in place to ensure maintenance of compliant accessible parking and other compliant facilities, as alleged herein, are available and maintained for persons with disabilities and remain compliant on an ongoing basis.

18.    Plaintiff personally encountered the alleged barriers at the Business and Property.  The presence of these barriers related to Plaintiff's (mobility) disability denied Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

19.    The conditions identified *supra,* in paragraph 13 is necessarily related to Plaintiff's legally recognized mobility disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating and sitting; Plaintiff is the holder of a disabled parking placard and because of his neurological and orthopedic conditions that limit his ability to ambulate; therefore, he utilizes accessible parking, accessible features required by the ADA and a mobility aid and/or devise.  The enumerated conditions relate to the use of the accessible parking,

relate to the slope and condition of the accessible parking and accessible path, and relate to the safety of the accessible path to the accessible entrance and facilities inside the Business. Plaintiff encountered each condition and experienced unnecessary difficulty, apprehenstion and/or risk in doing so.

20.   As an individual with a mobility disability who at times is dependent upon various mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

21.   Plaintiff's ability to fully and equally enjoy the Property was interfered with as a result of Defendants' non-compliance with the ADA.

22.    Upon being informed that this public place of accommodation has become fully and equally accessible, he will return within 45-days as a *"tester"* for the purpose of confirming its accessibility.[7]

23.   Until such time, Plaintiff is being deterred from patronizing the Business.

24.   As a result of his difficulty, apprehension, humiliation, and frustration because of the inaccessible condition of the facilities of the Business, Plaintiff did not fully access the Business or Property. However, Plaintiff would also like to return to the location given its close proximity to an area he frequents from time to time.

25.   The Defendant(s) has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

26.   The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, Plaintiff is informed and believes there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

27.   Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges,

---

[7] *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

on information and belief, that there are other violations and barriers in the site that relate to his disabilities. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, the Defendant(s) are on notice that Plaintiff seeks to have all barriers related to their disabilities remedied.[8]

28.   Without injunctive relief, Plaintiff will continue to be unable to fully and equally enjoy access to Defendants' facilities in violation of Plaintiff's rights under the ADA.

29.   In a statement, the U.S. Department of Justice's Civil Rights Division affirms the Department will remain vigilant in enforcing civil rights laws during the COVID-19 pandemic to ensure that fear and prejudice do not limit access to housing, schools, benefits, services, jobs, and information, among other things, on account of race, sex, religion, national origin, *disability*, or other protected classes. "Laws prohibiting unlawful discriminatory behavior must and will be vigorously enforced."[9]

## FIRST CLAIM FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

30.   Plaintiff re-allege and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this claim as though fully set forth herein.

31.   Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).

32.   Section 302(a) of Title III of the ADA, 42 U.S.C. §12101 *et seq.*, provides in

---

[8] See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).
[9] The U.S. Department of Justice has emphasized the importance of enforcing laws that prohibit unlawful discriminatory behavior, especially in the era of the COVID-19 emergency. See Statement by Assistant Attorney General for Civil Rights Eric S. Dreiband Protecting Civil Rights While Responding to the Coronavirus Disease 2019 (COVID-19) found at https://www.ada.gov/aag_covid_statement.pdf.

relevant part:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." (42 U.S.C. §12182(a).)

33.    The Business and Property are public accommodations within the definition of Title III of the ADA, 42 U.S.C. §12181(7). The subject Business and Subject Property provide and are a service, privilege, or advantage of Defendants herein.

34.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. (42 U.S.C. §12182(b)(1)(A)(i).)

35.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. (42 U.S.C. §12182(b)(1)(A)(ii).)

36.    Under §302(b)(2) of Title III of the ADA, unlawful discrimination includes, among other things:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." (42

U.S.C. § 12182(b)(2)(A)(ii)-(iii).)

37.     Any business that provides parking spaces must provide accessible parking spaces.   1991 Standards §4.1.2(5).   2010 Standards § 208.   Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards §4.6.2.

38.     In addition to lacking accessible disabled parking and access routes to the Business; the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

39.     As set forth hereinabove, Defendants' failure to provide accessible parking and access route(s) are violations of the law.

40.     A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

41.     Given its location and options, Plaintiff will continue to desire to patronize the Subject Business but have been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

## SECOND CALIM FOR

## VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.*

42.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

43.     California Civil Code § 51 *et seq*. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq*.

44.     Because Defendants violated Plaintiff's rights under the ADA, Defendants also violated the UCRA and are liable for damages.  (Civ. Code § 51(f), 52(a).)

These violations are ongoing.

45.     Plaintiff is informed and believes and thereon alleges that Defendants' actions constitute discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq*., because Defendants have been previously put on actual or constructive notice that the Business is inaccessible to Plaintiff.  Despite this knowledge, Defendants maintain its premises in an inaccessible form, and Defendants have failed to take actions to correct these barriers.

## PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.     A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property; **Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act at all.**

2.     An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code and $4,000 for each time he visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal enjoyment of the premises (*Feezor v. Del Taco, Inc.* (2005) 431 F.Supp.2d 1088, 1091.)

3.     An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4.     For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

///

///

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: March 9, 2021          **LAW OFFICES OF BABAK HASHEMI, ESQ.**

By: /s/ Babak Hashemi, Esq.
Babak Hashemi, Esq.
Attorney for Plaintiff